UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

R2 TECHNOLOGIES LLC,

    Plaintiff,

vs.

DEEPAK BANGALORE NAGARAJ,

    Defendant.

Case No. 2:18-cv-11456
Hon. David M. Lawson

_____/

| | |
|---|---|
| Dennis W. Cleary (P11961)<br>Attorney for Plaintiff<br>37000 Grand River, Ste. 300<br>Farmington Hills, MI 48335<br>(248) 442-9150<br>denniscleary@sbcglobal.net | Raymond J. Sterling (P34456)<br>Brian J. Farrar (P79404)<br>Attorneys for Defendant<br>STERLING ATTORNEYS AT LAW, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>rsterling@sterlingattorneys.com<br>bfarrar@sterlingattorneys.com |

_____/

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Deepak Bangalore Nagaraj, by his attorneys Sterling Attorneys at Law, P.C., for his Answer to the Complaint, Affirmative Defenses and Counterclaim, states as follows:

**PARTIES**

1.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant incorporates the preceding paragraphs by reference.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7. Defendant incorporates the preceding paragraphs by reference.

8. Defendant admits that plaintiff and Nagaraj entered into an employment agreement but lacks knowledge and information sufficient to form a belief as to the truth of the contents of Exhibit "1" because the document attached to the Complaint is illegible.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint because the document attached to the Complaint is illegible.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint, except admits that Mr. Nagaraj resigned on or about November 12, 2017.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint, except admits that Mr. Nagaraj and Vijaya Buddharaju, plaintiff's Operations Manager, communicated regarding the terms and conditions of defendant's resignation.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

## COUNT I- BREACH OF CONTRACT

13. Defendant incorporates the preceding paragraphs by reference.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

## COUNT II - INJUNCTIVE RELIEF

16. Defendant incorporates the preceding paragraphs by reference.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The agreement between the parties is not enforceable due to a failure of consideration.

3. The Non-Competition provision of the agreement exceed plaintiff's reasonable competitive business interests.

4. The Non-Competition provision of the agreement violates public policy and should not be enforced.

5. Plaintiff's claim is barred in whole or part by the doctrine of unclean hands.

6. Plaintiff has failed to mitigate its damages.

7. Venue is improper and/or inconvenient for the parties and witnesses.

8. Plaintiff has not and will not suffer irreparable damages and there is no basis for injunctive relief.

## COUNTERCLAIM

Defendant Deepak Bangalore Nagaraj ("Nagaraj"), by his attorneys Sterling Attorneys at Law, P.C., for his counterclaim against plaintiff R2 Technologies LLC ("R2"), states as follows:

1. R2 is an "employer" as defined by the Fair Labor Standards Act, 29 USC 203(d) ("FLSA").

2. From August 29, 2016 until November 12, 2017, R2 employed Nagaraj as a Programmer Analyst and agreed to pay him $33.79 an hour plus $112.96 per diem.

3. From October 1, 2017 until November 12, 2017, Nagaraj provided 240 hours of work for R2.

4. R2 never paid Nagaraj for this work he performed or paid his per diem.

5. R2 and Nagaraj had an express agreement that R2 would pay Nagaraj $33.79 an hour for all hours that he worked plus a per diem of $112.96 for all days that he performed work on behalf of R2.

6. R2 breached its agreement by not compensating Nagaraj for this work.

7. R2 willfully withheld Nagaraj's wages and overtime compensation in violation of Section 29 USC 255(a) of the FLSA.

8. Nagaraj is also entitled to an award of reasonable attorney fees and costs pursuant to 29 USC 216(b).

9. Under the doctrine of quantum meruit, R2 reaped an unfair benefit by failing to pay Nagaraj for these services.

10. Inequity and injustice will result if R2 retains the benefit of Nagaraj's services without compensating him.

11. Nagaraj is entitled to payment for all uncompensated hours.

WHEREFORE, defendant Nagaraj respectfully requests that this Honorable Court grant him the following relief:

A. An award under 29 USC 216(b) for unpaid wages and overtime compensation, together with liquidated damages in an amount equal to his actual damages;

B. Attorney fees and costs;

C. Interest as an element of damages; and

D. Such further relief as the Court deems just and proper.

## JURY DEMAND

Defendant Deepak Bangalore Nagaraj, by his attorneys, Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Attorneys for Defendant
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644 -1500

**PROOF OF SERVICE**

I certify that on May 17, 2018, I filed the foregoing paper with the Clerk of the Court using the e-filing system which will electronically send notification to all attorneys of record.

/s/Brian J. Farrar
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500