UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R2 TECHNOLOGIES CORPORATION
a Georgia Corporation

    Plaintiff/Counter Defendant

VS.

                                                    Case No. 2:18-cv-11456
                                                  Hon David M. Lawson

DEEPAK BANGALORE NAJARAH

    Defendant/ Counter Plaintiff
_____/

| | |
|---|---|
| DENNIS W. CLEARY P. C. | STERLING ATTORNEYS AT LAW P.C. |
| Dennis W. Cleary P11961 | Raymond J. Sterling P34456 |
| 37000 Grand River Ste 300 | Brian J. Farrar P79404 |
| Farmington Hills MI 48335 | 33 Bloomfield Hills Pkwy. Ste. 250 |
| 284 442-9150 | Bloomfield Hills MI 48304 |
| denniscleary@sbcglobal.net | 248 644-1500 |
| | rsterling@sterlingattorneys.com |
| | bfarrar@sterlingattorneys.com |

_____/

## PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT

### THE PARTIES

1. R2 Technologies is a Georgia corporation.

2. Deepak Bangalore Najaraj is an individual who is a citizen of India residing in Schaumberg Illinois on a non immigrant temporary worker visa.

### JURISDICTION.

3. Plaintiff re-alleges each fact stated in paragraphs 1-2.

4. The court has jurisdiction of the matter pursuant to the diversity provisions of 28 USC 1441(a) and in accordance with the facts stated in paragraph (4) of the Plaintiff's original complaint, filed in the Oakland County Circuit Court on January 29, 2018 and attached to this complaint as **Exhibit No. 1**

## GENERAL ALLEGATIONS

5. Plaintiff re-alleges each fact stated in paragraphs 1-4.
6. On November 12, 2107 the Defendant submitted his resignation to the Plaintiff.
7. Subsequent to the Defendant's resignation the Plaintiff learned that the Defendant was working for another employer which is located within (100) miles of the Defendant's job site on the date of his resignation, in violation of Paragraph (7) of the employment agreement executed by the parties on August 26, 2016.

## COUNT I-BREACH OF CONTRACT

8. Plaintiff re-alleges each fact stated in paragraphs 1-7.
9. As a direct and proximate result of the material breach of the employment agreement by the Defendant, the Plaintiff has or will suffer damages which exceed $75,000.00.

Wherefore the Plaintiff requests an award of monetary damages in an amount that will fully compensate it for losses that are a direct and proximate result of the Defendant's violation of the Employment Agreement.

## COUNT II-INJUNCTIVE RELIEF

10. Plaintiff re-alleges each fact stated in paragraphs 1-9.
11. The actions of Defendant described above entitle the Plaintiff to injunctive relief in keeping with Paragraphs (7) and (8) of the Employment Agreement between the parties.

Wherefore the Plaintiff requests the entry of a permanent injunction preventing the Defendant from being employed under circumstances that are in violation of the Employment Agreement.

## INCORPORATION OF ORIGINAL COMPLAINT

12. Plaintiff incorporates each provision of the original complaint attached to this Corrected First Amended Complaint as Exhibit No. 1 not in conflict with the allegations herein.

Dated: June 27, 2018

/s/ DENNIS W. CLEARY P.C.
By: Dennis W. Cleary P11961
37000 Grand River Ste. 300
Farmington Hills MI 48335
248 442-9150
denniscleary@sbcglobal.net

**EXHIBIT NO. 1-ORIGINAL COMPLAINT**

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

STATE OF MICHIGAN

OAKLAND COUNTY CIRCUIT COURT

R2 TECHNOLGIES LLC

    Plaintiff

VS.                                            2018-163475-CK
                                                   JUDGE SHALINA KUMAR

DEEPAK BANDALORE NAGARAJ

    Defendant
_____/

DENNIS W. CLEARY P11961
Attorney for Plaintiff
37000 Grand River Ste. 300
Farmington Hills MI 48335
248 442-9150
_____/

## COMPLAINT

### THE PARTIES

1. R2 Technologies LLC (R-2) is a Colorado limited liability company doing business in Farmington Hills Michigan.

2. Deepak Bangalore Nagaraj (Nagaraj) is an individual who resides, upon information and belief, at 1410 Villiage Lake Dr. Schaumberg IL 60195.

### JURISDICTION

3. Plaintiff re-alleges each fact stated in Paragraph 1-3.

4. The court has jurisdiction of this controversy as it arose in connection with an employment contract entered into between the Plaintiff and Defendant in Farmington Hills Michigan, which provides, in pertinent part, as follows:

    20. LAW AND FORUM DISPUTES …In all disputes arising hereunder, venue

1

FILED   Received for Filing   Oakland County Clerk   1/29/2018 4:54 PM

shall be in the Oakland County Michigan Circuit Court, and both parties agree to submit any disputes in connection with this matter to that court, or to any District Court where the employer is located. **(Exhibit No. 1-Employment Agreement)**

5. The court has jurisdiction over the Plaintiff by virtue of the location of its principal office in Farmington Hills Michigan.

6. The court has jurisdiction over the Defendant Nagaraj pursuant to MCL 600.705 **et seq.** and specifically by virtue of the execution of an employment contract between Nagaraj and the Plaintiff conferring jurisdiction over him on this court in connection with this matter.

## GENERAL ALLEGATIONS

7. Plaintiff re-alleges each fact stated in Paragraph 1-8.

8. On August 26, 2016, the Plaintiff and Nagaraj entered into an agreement for the employment of Nagaraj by the Plaintiff as a software engineer. **(Exhibit No. 1-Employment Agreement)**

9. The employment contract between the Plaintiff and Nagaraj contained the following provisions:

   7. **COVENANTS AGAINST COMPETITION** The employee acknowledges that the services he/she will render pursuant to his Agreement are of special or unusual character with unique value to the Employer, the loss of which cannot adequately be compensated by damages in a court of law. In view of the unique value to the Employer of the services provided by the Employee, and because of the confidential information to be obtained by or disclosed to the Employee, , and as a material inducement to the Employer to enter into this Agreement and to pay the Employee pursuant to its terms, the Employee covenants and agrees that, during his/her employment with the Employer and for a period of one year after he/she ceases to be employed by the Employer for any reason, he/she shall not, except as otherwise, except as otherwise authorized by this Agreement, directly or indirectly compete with the Employer, or any affiliate of the Employer, directly or indirectly solicit the Employer's client, vendors, or the clients of an affiliate, or directly or indirectly solicit for employment any of the Employer's other employees within one hundred miles of the location where the Employee last performed services in connection with this Agreement.

For purposes of this paragraph:
(i) The term "compete" means (1) engaging in any manner whatsoever Including, without limitation, as a proprietor, partner shareholder, director, Employee, consultant, independent contractor, investor, or otherwise, in the same or any similar business as the Employer, or any of its affiliates, if said business is located within (100) miles from the location where the services in connection with this agreement are performed by the Employer; or, (2) by performing the same or similar services for a client of the Employer at any location.

8 REASONABLENESS OF RESTRICTIONS; REMEDIES FOR BREACH OF EMPLOYEE'S CONVENANTS OF NON-DISCLOSURE AND NON-COMPETIION

(a) The Employee has carefully read and considered the provisions of Paragraphs (6) and (7), and, having done so agrees that the restrictions set forth in these paragraphs, including but not limited to the time period of restriction, are fair and reasonable, and are reasonably required for the protection of the interests of the Employer, its officers, directors, shareholders, and its other employees.

(c) In the e vent of a breach, or threatened breach, of any of the covenants in Paragraphs (6) or (7), the Employer shall have the right to seek monetary damages for any past breach, and equitable relief, including specific performance, by means of an injunction against the Employee, or against the Employee's partners, agents, representatives, servants, employers, family members and/o all persons acting directly or indirectly by or with him/her , to prevent or restrain any further breach. In lieu thereof, or should the court refuse to grant equitable relief to prevent continuing breaches of the covenants in Paragraphs (6) and(7), the Employer shall be entitled to liquidated damages equal to 32% of the annual wage of the Employee, if he/she is a salaried employee, or 32% of the hourly rate multiplied by 2,00 if he/she is an hourly employee. The parties agree that these amounts are meant to reimburse the Employer for the profit it would have derived from this agreement for one year, and are not a penalty.

10. .On (Date), Nagaraj, in violation of the above referenced agreement, submitted his resignation without prior notice to the Plaintiff.

11. Subsequent to his resignation, the Plaintiff, on its own behalf and through counsel, has made numerous attempts to contact Nagaraj in order to advise him that his resignation was in violation of the agreement between the parties, and to inquire of him as to his present place of employment. In spite of these repeated requests, Nagaraj has failed and refused to respond to any way.

FILED  Received for Filing  Oakland County Clerk  1/29/2018 4:54 PM

12. Plaintiff has since learned that the Nagaraj is now employed directly by the same client for which he performed services in connection with his Agreement with the Plaintiff.

## COUNT I-BREACH OF CONTRACT

13. Plaintiff re-alleges each fact stated in Paragraph 1-12.

14. The actions of Nagaraj as described above constituted a material breach of his contract with the Plaintiff.

15. As a direct and proximate result of the material breach of the contract, the Plaintiff has suffered damages in excess of $25,000.00

Wherefore, the Plaintiff requests an award of damages against the Defendant in an amount in excess of $25,000.00, in addition to costs and attorney fees reasonably sustained.

## COUNT II-INJUNCTIVE RELIEF

16. Plaintiff re-alleges each fact stated in Paragraphs 1-14.

17. The actions of the Defendant in being employed by an existing client of the Plaintiff entitle the Plaintiff to injunctive relief in accordance with Paragraph (7) and other provisions of the Agreement.

Wherefore, the Plaintiff requests the entry of a permanent injunction preventing the Employee from employment with the client of the Employer for whom the Defendant is now performing services, or from any other action in violation of the terms of the Agreement which cannot be adequately compensated by an award of damages.

4

FILED   Received for Filing   Oakland County Clerk   1/29/2018 4:54 PM

I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Dated: January 29, 2018

/s/DENNIS W. CLEARY
Attorney for Plaintiff

FILED   Received for Filing   Oakland County Clerk   1/29/2018 4:54 PM

FILED   Received for Filing   Oakland County Clerk   1/29/2018 4:54 PM

# EXHIBIT NO 1

FILED    Received for Filing    Oakland County Clerk    1/29/2018 4:54 PM



**R2 Technologies LLC**
Est. Year 2000

## EMPLOYMENT AGREEMENT

This Employment Agreement ("Agreement") is made between R2 TECHNOLOGIES LLC, with offices at 24155 Drake Rd. Ste. 206 Farmington Hills MI 48335 ("Employer") and Deepak Bangalore Nagaraj, and is effective on the date indicated below.

In consideration of their mutual promises and other valuable consideration, the parties agree as follows:

1. **EMPLOYMENT:** The Employee shall provide the following services to the Employer. Unless indicated otherwise, the Employee shall work on a full time salary basis.

2. **BEST EFFORTS OF EMPLOYEE:** The Employee agrees to perform faithfully, industrially, and in keeping with his her abilities and experience, the duties that may be required by the terms of this Agreement to the reasonable satisfaction of the Employer. Such duties shall be performed in the places, and under the conditions dictated by the reasonable business needs of the Employer.

3. **COMPENSATION OF EMPLOYEE:** The Employer shall pay, and the Employee shall receive an hourly salary of $33.79, payable in monthly instalments on the last day of each month, plus or minus two days. Upon termination of this Agreement, payments under this paragraph shall cease, provided however, that the Employee shall be entitled for periods in which services were performed by him her between the date of the last paycheck and the date of termination. This section of the Agreement is included only for accounting and payroll purposes and should not be construed as establishing a minimum or definite term of employment.

4. **REIMBURSEMANT FOR EXPENSES IN ACCORDANCE WITH EMPLOYER POLICY:** The Employer will reimburse the Employee for "out of pocket" expenses in accordance with company policies from time to time.

5. **RECOMMENDATIONS FOR IMPROVEMENT OF OPERATIONS:** The Employee shall provide the Employer with all information, suggestions, and recommendations regarding the Employer's business operations of which the Employee has knowledge that may be beneficial to the Employer.

6. **NONDISCLOSURE OF CONFIDENTIAL INFORMATION:** The Employee acknowledges that in and as a result of his/her employment with the Employer he/she will making use of, acquiring, and/or adding to confidential information of a special or unique nature and value relating to such matters as the Employers. proprietary information. systems, procedures, programs, products, pricing, business plans manuals, confidential reports, patents, copyrights, inventions, and lists of clients (which are deemed for all purposes confidential and proprietary) as well as the nature and type of services rendered by the Employer, the equipment and methods used and preferred by the Employer's clients, and the fees paid by them. As a

---

24155 Drake Rd, Suite 206, Farmington Hills MI, 48335 USA, P: 248 522 7185 F: 248 479 5559, E: contact@r2techllc.com
www.r2techllc.com

material and sufficient to the employer to enter into this Agreement and to pay to the Employee the compensation stated herein, the Employee covenants and agrees that he/she shall not, at any time during or following his/her term of employment, directly or indirectly divulge, disclose, or communicate in any manner and for any purpose whatsoever, any confidential information that has been obtained by or disclosed to him/her as a result of his/her employment including and confidential information about the Employer's clients. All access tokens for any of the Employer's clients, either physical (keys, key fobs), or digital (passwords, or passphrases) are the property of the Employer and/or the client to which they grant access. Such passwords/passphrases shall be clearly and accurately conveyed to the proper Employer authority to be stored in a lockbox of the Employer and/or of the client. In the event of a breach or a threatened breach by the Employee of any of the provisions of this paragraph, the Employer, in addition and not in limitation of any of the other rights, damages, or remedies available to it in law or equity, shall be entitled to a permanent injunction in order to prevent or to restrain any such breach by the Employee, or by the Employee's agents, representatives, servants, employees, employers, family members, and/or any and all persons directly or indirectly acting for him/her.

7. **CONVENANTS AGAINST COMPETITION:** The Employee acknowledges that the service he/she will render pursuant to this Agreement are of a special or unusual character with a unique value to the Employer, the loss of which cannot adequately by damages in an action at law. In view of the unique value to the Employer of the services provided by the Employee, and because of the confidential information to be obtained by or disclosed to the Employee, and as a material inducement to the Employer to enter into this Agreement and to pay the Employee pursuant to its terms, the Employee covenants and agrees that, during his/her employment with the Employer and for a period of one year after he/she ceases to employed by the Employer fir any reason, he/she shall not, except as otherwise authorized by this Agreement, directly or indirectly compete with the Employer, or any affiliate of the Employer, directly or indirectly solicit the Employer's clients, vendors, or the clients of an affiliate, or directly or indirectly solicit for employment any of the Employer's other employees within one hundred (100) miles of the location where the Employee last performed services in connection with his agreement.
For purposes of this paragraph:

(i) The Term "compete" means: (1) engaging in any manner whatsoever, including, without limitation, as a proprietor, partner, shareholder, director, officer, employee, consultant, independent contractor, investor, or otherwise, in the same or any similar business as the Employer, or any of its affiliates, if said business is located within one hundred (100) miles from the location where the services in connection with this agreement are performed by the Employee; or (2) performing the same or similar services for a client of the Employer at any location.

(ii) The term "clients" in the preceding paragraph means all persons, companies, government agencies, or other agencies where the Employee has performed services on behalf of the Employer.

(iii) The term "vendor" means the entity or an individual directly or indirectly engaged in business with the Employer.

FILED   Received for Filing   Oakland County Clerk   1/29/2018 4:54 PM

8. **REASONABLENESS OF RESTRICTIONS, REMEDIES FOR BREACH OF EMPLOYEE'S COVENANTS OF NON-DISCLOSURE AND NON-COMPETITION.**

   (a) The Employee acknowledges having read and considered the provisions of Paragraphs (6) and (7) and having done so, agrees that the restrictions set forth in these Paragraphs, including the period of time, the period of restriction, are fair and reasonable and are reasonably required for the protection of the interests of the Employer, its officers, directors, shareholders, and/or other employees.

   (b) In the event that, notwithstanding the foregoing, any of the provisions of Paragraphs (6) and/or (7) shall be held to be invalid or unenforceable, the remaining provisions thereof shall nevertheless continue to be valid and enforceable as though the invalid or unenforceable parts had not been included therein. In the event that any provisions of Paragraphs (6) and/or (7) relating to the time period and/or the areas of restriction, and/or related aspects shall be declared by a court of competent jurisdiction to exceed the maximum restrictions that the court deems reasonable and enforceable, the time period and/or areas of restriction, and/or related aspects deemed reasonable and enforceable by the court shall become and thereafter be the maximum restriction in this regard, and the restriction shall remain enforceable to the fullest extent deemed reasonable by such court.

   (c) In the event of a breach or threatened breach of any of the covenants in Paragraphs (6) and (7), the Employer shall have the right to seek monetary damages for any past breach and equitable relief, including specific performance, by means of an injunction against the Employee or against the Employee's partners, agents, representatives, servants, employers, family members, and/or all persons acting directly or indirectly by or with him/her, to prevent or restrain any further breach. In lieu thereof, or should the court refuse to grant equitable relief to prevent continuing breaches of the covenants in Paragraphs (6) and (7), the Employer shall be entitled to liquidated damages equal to 32% of the annual wage of the Employee, if he/she is a salaried employee, or 32% of the hourly rate multiplied by 2,080 if he/she is an hourly employee. The parties agree that these amounts are meant to reimburse the Employer for the profit it would have derived from this agreement for one year, and are not a penalty.

   (d) Employee agrees to give 30 days of notice any time in case if he/she wants leaving the company during the 18 month of services and after 18 months of service with the company. Employee also agrees to compensate monitory loss / revenues loss caused due to short of this 30 days of notice period. Employee also agrees with the company to hold last month wages until all settlements are completed with the company.

9. **BENEFITS:** The employee shall be entitled to Company benefits commensurate with the Employees job title and tenure with the Company, and in accordance with the applicable insurance contracts and policies, and applicable state law. These benefits are outlined in the Employee Benefits handbook, and may be updated periodically in accordance with business needs.

FILED   Received for Filing   Oakland County Clerk   1/29/2018 4:54 PM

10. **EMPLOYEE'S INABILITY TO CONTRACT FOR EMPLOYER:** The Employee shall not have the right to make any contracts or commitments for or on behalf of the Employer without first obtaining the express written consent of the Employer.

11. **TERM/TERMINATION:** Either the Employer or the Employee may terminate this agreement at any time, with 30 days of notice. In the event that the Employee resigns or otherwise seek leave his position with the company prior to its notice period he/she shall be subject to the liquidated damages provision set out in Paragraph (8) of this agreement.

12. **COMPLIANCE WITH EMPLOYER'S RULES:** The Employee agrees to comply with all of the rules and regulations of the Employer, whether they are found in this agreement, in the Employee Handbook or of the Employer, or in any other Company document.

13. **NOTICES:** All notices required or permitted under this Agreement shall be in writing and shall be deemed delivered when delivered in person or deposited in the United States mail, postage paid and addressed to the Employer at the address stated on Page 1 of this agreement, or to the Employee at the address on file with the Employer. Such addresses may be changed from time to time by either party by providing written notice in the manner set forth above.

14. **WORK AUTHORIZATION:** This agreement and the employment offer is subject to valid employment authorization of the employee to work in the United States. When employee is a non-immigrant the offer employment and this agreement is subjected to approval of VISA and or non-immigrant application filed on behalf of the employee. in the event of denial of any such applications employers takes no responsibility for any direct or indirect consequences

15. **BACKGOURND CHECKS:** The employment offer is contingent to completion and clearing the background check, credit check and drug test. In the event of giving false information or not bring to employer notice all now issues employee holds responsibility for any monitory loses of employer.

16. **ENTIRE AGREEMENT:** This Agreement contains the entire agreement of the parties, and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties, or by any predecessor of the Employer.

17. **AMENDMENT:** This Agreement may be modified or amended if the amendment is made in writing and signed by both partied.

18. **SEVERABILITY:** If any provisions of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall be held to be valid and enforceable. If a court finds that any provision of this Agreement is invalid and unenforceable, but that by limiting such provision it would become valid and enforceable, such provision shall be deemed to be written, construed, and enforced as so limited.

**19) WAIVER OF CONTRACTUAL RIGHT.** *[text illegible]*

**20) LAW AND FORUM DISPUTES.** *[text illegible — references State of Michigan, Oakland County Circuit Court, and Michigan District Court]*

_____

PRINTED NAME
EMPLOYEE

DEEPAK BANGALORE NAGARAJ

Employer:

By: _____

Its: _____

FILED    Received for Filing    Oakland County Clerk    1/29/2018 4:54 PM